**In the Matter of John A. WALTER, Debtor.**

**Ruth E. WALTER, Plaintiff,**

v.

**John A. WALTER, Defendant.**

**Bankruptcy No. 84–375.**
**Adv. No. 85–11.**

United States Bankruptcy Court, D. Delaware.

June 18, 1985.

Edwin A. Tos, Wilmington, Del., for plaintiff.

Maxine L. LaPlace, Newark, Del., for debtor/defendant.

## MEMORANDUM OPINION
## AND ORDER

HELEN S. BALICK, Judge.

John A. Walter is a debtor in a Chapter 7 bankruptcy case. His former spouse Ruth E. Walter filed a complaint objecting to his discharge; or, alternatively, seeking a determination that a joint debt due Household Finance Company (HFC) is non-dischargeable.

At trial, the court finding that plaintiff had not met her burden of proof on the issue of actual fraud dismissed Count III of the complaint, the objection to discharge.

The remaining issue is whether debtor's agreement to pay the debt of HFC under the terms of a separation agreement constitutes alimony, maintenance or support so as to be non-dischargeable under 11 U.S.C. § 523(a)(5).

In January 1982, debtor and plaintiff became jointly liable on a loan of approximately $25,000 from HFC, secured by a second mortgage on their home. The proceeds of this loan were used to buy a truck for debtor's business. Sometime between January and August, the parties after 26 years of marriage separated. On August 13, 1982, they signed a separation agreement. The agreement has 25 paragraphs each bearing a heading indicating that it deals with "Alimony", "Child Support", "Debts" and so forth. Debtor contends (1) that since his agreement to pay the HFC loan was in a paragraph other than the one titled "Alimony", plaintiff is collaterally estopped from claiming that it is alimony or support; or (2) that his assumption of the second mortgage and his agreement to hold plaintiff harmless is part of a property division and is dischargeable.

■ Debtor's contention that plaintiff is collaterally estopped is without merit for two reasons: The agreement itself, paragraph 23, provides that the headings are for convenience only and shall not control or affect the meaning or construction of any provision. Subsection (B) of § 523(a)(5) requires the court faced with an alimony-property settlement issue to look behind the designated term to see if the purpose is to provide maintenance or support of a spouse or child of the debtor. 3 *Collier on Bankruptcy*, ¶ 523.15, pp. 523–117—523–122, (15th ed. 1984).

Plaintiff's argument as to debtor's second contention is that debtor's undertaking to pay HFC direct was "in lieu of alimony"; therefore, it is in the nature of support, maintenance or alimony and non-dischargeable under § 523(a)(5). In that connection, we must examine and consider the terms of the agreement and plaintiff's financial condition at that time.

Under headings other than alimony or support, the agreement provided: Debtor would convey his interest in the marital home to plaintiff who would be responsible for payment of the first mortgage. Debtor, in addition to child support for one of their three children, would pay plaintiff alimony of $200 a month and would assume responsibility for payment of the second mortgage. The agreement also dealt with allocation of personal property and assumption of debts on that personal property. In that connection debtor at the time of signing the agreement signed a promissory note for $25,097.86, without interest, payable to plaintiff. This note according to the agreement was to save plaintiff harmless on any joint obligations secured by liens or encumbrances against a motorcycle, trucks, trailer or parts for such vehicles which were turned over to debtor. The note itself provided for monthly payments of $480 a month to plaintiff which she waived so long as debtor made prompt, regular payments in a like amount to HFC. Debtor's obligation to plaintiff would cease when the second mortgage was satisfied.

During their married life, plaintiff's time was primarily devoted to keeping house and raising children. At some point during the marriage, she became a school bus driver and continues in that line of work earning approximately $72 a week.

An agreement providing for allocation of property and assumption of debts by one party or the other is usually a property settlement. This is so even though one party's assumption of debt contributes to the other party's support to the extent

funds that would have been applied to the debt are available for other purposes.

Here, the parties divided their property and each assumed obligations against property each received with the exception of the debt due HFC. The crucial inquiry is whether the assumption of that debt was intended to provide support. *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983); *In re Spong*, 661 F.2d 6 (2d Cir.1981).

Plaintiff's income as a school bus driver, alimony of $200 a month and child support would have been insufficient to maintain the daily necessities such as food and clothing, payment of the first mortgage as well as all other expenses incident to maintaining a home, and a second mortgage of $480 a month. Moreover, the proceeds of the loan did not go to increase the value of the home. The debtor's assumption of the second mortgage payment was essential to maintain the family home. Consequently, debtor's agreement to assume the HFC obligation is in the nature of alimony, support or maintenance, non-dischargeable under 11 U.S.C. § 523(a)(5), and payable to plaintiff in accordance with the terms of his note.